UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PHOENIX MINING & MINERAL, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-06-58 |
| | § | |
| TREASURY OIL CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court is Plaintiff Phoenix Mining and Mineral, L.L.C.'s Motion for Default Judgment against Defendant T. Garth Collier. [Dkt. No. 144]. Having duly considered Plaintiff's arguments and the governing law, the Court **GRANTS** the instant motion.

I.    DISCUSSION

On April 30, 2007, Plaintiff filed its Second Amended Complaint claiming (1) breach of contract; (2) common law fraud in the inducement; (3) negligent misrepresentation; and (4) fraud in real estate transactions. [Dkt. No. 147]. On March 28, 2007, the Court dismissed Plaintiff's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 126 at 22]. This order will address Plaintiff's remaining claims with regards to Defendant Collier.

Through the course of this litigation, Collier has failed to cooperate in discovery, disobeyed Court orders, and failed to defend. Accordingly, the Court finds that Collier is liable for all actual and exemplary damages to Plaintiff for common law fraud in the inducement and negligent misrepresentation. However, the Court finds that Collier is not liable for statutory fraud in real estate transactions.

A.    **Collier's Failure to Cooperate in Discovery and Disobedience of Court's Orders**

Plaintiff seeks entry of a default judgment against Collier pursuant to Federal Rule of Civil Procedure 37 based on his "willful violations of court rules and orders, contumacious conduct, and intentional delays," arguing that Collier has "failed to comply with discovery-related orders, to appear for his deposition, to properly respond to discovery requests, or to otherwise cooperate in discovery matters." [Dkt. No. 144 at 1]. Rule 37(b)(2)(A) authorizes a district court to strike pleadings of and enter a default judgment against a party that "fails to obey an order to provide or permit discovery, including an order under Rule 26(f)." Fed. R. Civ. P. 37(b)(2)(A); s*ee National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 639-40 (1976); *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970) (quoting *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887-88 (5th Cir. 1968)).

Since July 2006, Plaintiff has tried repeatedly to depose Collier regarding jurisdictional matters. First, on July 28, 2006, Collier, a resident of Switzerland, notified Plaintiff that he would be available for deposition in New York City on August 24, 2006, for which Collier stated that he would go about obtaining a visa "immediately." [Dkt. No. 117-2 at 1]. Three days before the deposition was scheduled to take place, Collier notified Plaintiff that he would be unable to attend the deposition due to his father's health. [Dkt. No. 117-5].

On October 9, 2006, Plaintiff moved the Court to compel an emergency deposition of Collier, [Dkt. No. 64], which the Court granted, declaring that such deposition was to take place in New York City on October 30, 2006, [Dkt. No. 71]. On October 26, 2006, Collier, by way of an Emergency Motion, notified the Court that he would not be able to travel to New York to be deposed due to difficulties in obtaining a visa. [Dtk. No. 78]. Collier further explained that he

had attempted to obtain a visa after the Court's October 18th order scheduling his deposition, at which time he was told by the American Embassy that issuance of his visa would not occur until November 15th at the earliest.  [*Id.* at ¶ 3].   However, Collier represented to Plaintiff months prior—in July—that he would begin pursuing a visa "immediately," which he did not. [Dkt. No. 117-2 at 1].   In his Emergency Motion, Collier further represented that compliance with the Court's order mandating his deposition could be accomplished by November 30, 2006.  [Dkt. No. 78 at 3].  Collier's Emergency Motion was neither verified nor supported by affidavit.

The minutes for a January 16, 2007 hearing on this matter, held before the Magistrate Judge, reflect that Collier was "not cooperating" with either the Court or Plaintiff.  [Dkt. No. 91]. At that hearing, Collier's own attorneys stated that they were "not getting the participation that [they] need[ed]" from Collier regarding the visa matter.   Indeed, counsel later sought to withdraw because of the Defendants' failure to fulfill obligations owed to their attorneys pursuant to their attorney-client agreement.  [Dkt. No. 77 ¶ 3].  Since January 19, 2007, Collier has failed to notify the Court of the status of his allegedly pending visa application.  Similarly, since the withdrawal of his counsel on February 1, 2007, Collier has not appraised the Court of his status, has never appeared for deposition, has not attempted to coordinate a time or place to make himself available for deposition, and has failed to provide other discovery as ordered by the Court and as required by the Federal Rules of Civil Procedure.

Additionally, Collier has failed to produce documents in response to Plaintiff's requests for production and in response to the subpoena duces tecum attached to his deposition notices, and has similarly failed to comply with Court orders mandating production.  On September 14, 2006, the Court entered its Scheduling Order in which it ordered the parties to complete initial disclosures required by a certain date.  [Dkt. No. 55].  While Federal Rule of Civil Procedure

26(a) required Collier to identify in his initial disclosures any documents that he might use to support his defenses, Collier has failed to identify or produce any documents.

There are four factors that the district court should consider before granting a default judgment:  (1) whether the violation was willful or in bad faith rather than simply due to an inability to comply; (2) whether less drastic sanctions would effect the goals of Rule 37(b); (3) whether the violation prejudiced the opposing party's trial preparation; and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.  *Batson*, 765 F.2d at 514.  *Batson* also held that the district court must consider expressly the effectiveness of less severe sanctions.  *Id.* at 516.

Collier has presented no evidence to the Court to establish his inability to appear for deposition as ordered or made any attempt to rectify his lack of cooperation.  While dismissal and default judgment are considered as "draconian" sanctions that a district court should impose only as a last resort, *Batson*, 765 F.2d at 515; *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980), their use might deter litigants from ignoring discovery orders in the future, *National Hockey League*, 427 U.S. at 639.  The Court is convinced that the threat of lesser sanctions simply will not motivate Collier to respect the Court's orders.  Furthermore, because of the lengths that Plaintiffs have gone to ensure Collier's compliance, and because of their inability to secure his deposition, the Court believes that Collier's actions have been prejudicial to Plaintiff's trial preparation.  Finally, given the repetitive nature of Collier's conduct, there is no reason for the Court to believe that his conduct was the result of a misunderstanding.  Thus, the Court will await Collier's compliance no further.  As such, the Court finds that default judgment is appropriate under Rule 37.

**B.      Collier's Failure to Defend**

Default judgment is also warranted under Federal Rule of Civil Procedure 55 because of Collier's failure to defend this lawsuit.  Pursuant to Rule 55(a), default judgment is available "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  Although Collier did file an answer on April 25, 2007, [*see* Dkt. No. 136], he has not otherwise defended this suit.

Since the withdrawal of his counsel, nonresponsiveness and delay have reflected Collier's lack of intent to defend.  Collier has failed to respond to a number of Plaintiff's motions, including:  (1) Motion for Sanctions against Collier and his company, Treasury Leasing, [Dkt. No. 117]; (2) Motion to Strike Portions of Affidavit Submitted in Support of Defendant T. Garth Collier's Motion to Dismiss for Lack of Personal Jurisdiction, [Dkt. No. 121]; and (3) the present Motion for Default Judgment Against T. Garth Collier, [Dkt. No. 144].

Collier has also failed to defend by not keeping the Court informed of his address or accepting mail.  [*Id.* at 11].  Plaintiff has attempted to forward to Collier numerous orders and filings in this case, using the address provided by Collier's co-defendant Ronald Organ in the "joint response," [Dkt. No. 118], and the address presented on Collier's *pro se* filings.  However, the mail has been returned repeatedly, noting that the recipient could not be found at that address. [*See* Dkt. No. 144-2 at 3-5].  Local Rule 83.4 states that *pro se* litigants are responsible for keeping the clerk advised in writing of their current address.  Collier has violated this rule as well as ignored the Court's order requiring that a current address be provided.  This refusal or neglect in accepting mail containing information about the case is evidence of Collier's lack of intent to defend this matter.

Collier's conduct suggests that he has abandoned any serious defense of this suit altogether.  As such, the Court believes that default judgment under Rule 55(a) is also warranted due to Collier's failure to defend as evidenced by his disobedience of court orders, failure to maintain contact with the Court, and overall interference with the efficient administration of justice.

### C.    Liability

Based upon Defendant Collier's failure to comply with the orders of this Court, failure to cooperate in discovery, and failure to defend the suit, Collier's answer is hereby stricken. Judgment is granted in favor of Plaintiff and against Collier on Plaintiff's claims for common law fraud in the inducement and negligent misrepresentation.  However, the Court finds that Collier is not liable for statutory fraud in real estate transactions.

Section 27.01(a) of the Texas Business & Commerce Code, which provides for a statutory cause of action for fraud in real estate and stock transactions, only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock.  Plaintiff argues that Defendants "participated directly in making false representations of material fact (i.e. whether [Treasury Oil Corporation ("TOC")] could or would perform under its contract with Plaintiff) . . . to Plaintiff or persons acting on Plaintiff's behalf." [Dkt. No. 147 ¶ 100].  Plaintiff further argues that Defendants engaged in this alleged misrepresentation "for the purpose of inducing Plaintiff to enter into the Letter of Intent with TOC and forego other investment opportunities, and continuing to seek and obtain extensions to the PSA at significant cost to Plaintiff."  [*Id.*].  Plaintiff avers that it did in fact rely upon those false representations to its detriment and continued to believe, based on Defendants' continued

representations, that TOC would ultimately perform, and thus sought out numerous subsequent extensions to the Purchase and Sale Agreement (PSA).  [*Id.*].

Subsequent to execution of the PSA but prior to the closing date for the Aguilares Field Transaction, the parties entered into a Letter of Intent whereby TOC agreed to purchase, and Plaintiff agreed to sell, a fifty (50%) percent interest in the leases, production and surface production equipment located in or on interests to be acquired by Plaintiff in the Aguilares Field Transaction.  [Dkt. No. 147 ¶ 21].  Plaintiff claims that the Letter of Intent "was an agreement to purchase an interest in *real property* in the State of Texas."  [*Id.* ¶ 98 (emphasis added)].

An agreement is actionable under section § 27.01 when it constitutes a contract for the sale of land.  *See Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied).  A claim for statutory fraud under § 27.01 is applicable only when a conveyance of the property has been made, and not when there is merely a contract to convey.  *Stanfield v. O'Boyle*, 462 S.W.2d 270, 271 (Tex. 1971); *Rawdon v. Garvie*, 227 S.W.2d 261, 265 (Tex. Civ. App.—Dallas 1950, writ ref'd n.r.e.) (interpreting predecessor to section 27.01).  Because here there was neither a contract for, nor a sale of, land or stock between the parties involved in this case, § 27.01 does not apply.  In fact, the Court previously noted in the order dismissing Plaintiff's breach of contract claim on March 28, 2007 that "[t]he Letter of Intent is a far cry from an instrument wherein a party agrees to purchase, directly from a third-party seller, part of an interest in property."  [Dkt. No. 126 at 19].  The Court reiterates that the Letter of Intent is a "casual understanding that Defendants would provide financing" and a "casual commitment to 'facilitate' Plaintiff's purchase of the property from Sellers . . . ."  [*Id.*].

Furthermore, it is undisputed that the property was never conveyed to Plaintiff, and accordingly, there was no property to convey to Defendants.  In its March 28, 2007 order, the

Court noted that the "Plaintiff's own pleadings leads only to the conclusion that the Letter of Intent could not have been 'breached' because the obligations allegedly created thereby never arose—the Aguilares property was never Plaintiff's to sell." [*Id.* at 20]. Thus, because there was neither a contract for, nor a sale of, land or stock between the parties involved in this case, § 27.01 does not apply and Collier is therefore not liable to Plaintiff for actual or exemplary damages as to its statutory fraud in real transactions claim.

### D.    Damages

The Court finds that Plaintiff's damages can be accurately calculated from the factual allegations of Plaintiff's Second Amended Complaint, [Dkt. No. 147 ¶¶ 23, 24, 26, 28, 32, 35, 47, 65, 78, 79], as well as by the Affidavit of Larry Ewers attached to Plaintiff's Consolidated Response to Defendant's Motions to Dismiss Based on Lack of Personal Jurisdiction and Improper Venue, [Dkt. No. 93-15 ¶ 19].

The Court further finds that Collier is liable to Plaintiff for actual damages in the amount of $2,496,000 and for exemplary damages in the additional amount of $1,248,000.

Furthermore, because Plaintiff has not demonstrated that Collier has violated the provisions of § 27.01, Collier is not liable for attorney's fees or expenses incurred, other than costs of court.

The Court further finds that Plaintiff is entitled to recover postjudgment interest at the rate of 1.66% per annum from the date of this Default Judgment until the date it is satisfied.

IT IS, THEREFORE, ORDERERD, ADJUDGED AND DECREED that Plaintiff's Motion for Default Judgment Against Defendant T. Garth Collier is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff shall recover from Defendant T. Garth Collier, the following:

1.      $2,496,000 for actual damages caused by Defendant T. Garth Collier's common law fraud in the inducement and negligent misrepresentation; and

2.      $1,248,000 in exemplary damages.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear post-judgment interest at the rate of 1.66% per annum from the date of this Default Judgment until paid.

The Court further ORDERS execution to issue for this Default Judgment Against Defendant T. Garth Collier.  Plaintiff is further allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

IT IS SO ORDERED.

DONE this 13th day of March, 2008, in Laredo, Texas.


_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE



**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**