UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| PHOENIX MINING & MINERAL, L.L.C., § § *Plaintiff*, § VS. § TREASURY OIL CORPORATION, *et al*, § § *Defendants*. § | § § § § CIVIL ACTION NO. L-06-58 § § § § |

## OPINION AND ORDER

Pending before the Court is Plaintiff Phoenix Mining and Mineral, L.L.C.'s Motion for Default Judgment against Defendant Irving Birnbaum. [Dkt. No. 185]. Having duly considered Plaintiff's arguments and the governing law, the Court **GRANTS** the instant motion.

**I.  DISCUSSION**

Plaintiff's motion is the last in a series requesting the Court to enter judgment against Defendants. On April 30, 2007, Plaintiff filed three different motions for default judgment based on Defendants' failure to plead or otherwise defend against Plaintiff's claims and for willful violations of court rules and orders: (1) Motion for Default Judgment against Defendant T. Garth Collier, Individually, [Dkt. No. 144], which the Court granted on March 13, 2008, [Dkt. No. 186]; (2) Motion for Default Judgment against Defendants Treasury Oil, Treasury Capital, L.L.C., and Treasury Leasing, Ltd., [Dkt. No. 145], which the Court granted on May 17, 2007, [Dkt. No. 156]; and (3) Motion for Default Judgment against Defendants Irving Birnbaum and T. Garth Collier, as trustees of Treasury Oil Corporation, [Dkt. No. 146], which the Court denied on February 28, 2008. [Dkt. No. 181].

Plaintiff now files a Motion for Default Judgment against Defendant Birnbaum, Individually, pursuant to Federal Rules of Civil Procedure 55 and 37(b)(2)(C) & (d) on the

following claims: (1) common law fraud and fraud in the inducement; (2) negligent misrepresentation; (3) and statutory fraud in real estate transactions.[1] [Dkt. No. 185 at 2]. In the Order granting Plaintiff's Motion for Default Judgment against Collier, the Court pointed out that Section 27.01(a) of the Texas Business & Commerce Code, which provides for a statutory cause of action for fraud in real estate and stock transactions, only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock. [Dkt. No. 186 at 6]. Because in this case there was neither a contract for, nor a sale of, land or stock between the parties involved in this case, the Court found that § 27.01 does not apply. [*Id.* at 8]. The Court therefore concluded that Collier is not liable to Plaintiff for actual or exemplary damages as to its claim of statutory fraud in real estate transactions. [*Id.*]. Because this analysis also applies here, the Court finds that Birnbaum is likewise not liable for statutory fraud in real estate transactions.

    A.    **Birnbaum's Failure to Defend**

Plaintiff first claims that pursuant to Federal Rule of Civil Procedure 55, default judgment is proper based on Birnbaum's failure to defend against Plaintiff's claims. [Dkt. No. 185 at 1]. Pursuant to Rule 55(a), default judgment is available "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Birnbaum filed an answer to Plaintiff's Original Complaint and First Amended Complaint on April 25, 2007, [*see* Dkt. Nos. 140, 141], and to Plaintiff's Second Amended Complaint on May 23, 2007, [Dkt. No. 161]. Nevertheless, Plaintiff claims that default judgment is appropriate under Federal Rules of Civil Procedure 55 because Birnbaum has not otherwise defended this suit.

---

[1] In its Second Amended Complaint, Plaintiff also claimed that Defendants are liable for breach of contract. [Dkt. No. 147 at 3]. However, on March 28, 2007, the Court dismissed that claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Dkt. No. 126 at 21]. Consequently, Plaintiff now seeks entry of default judgment on its remaining claims. [*See* Dkt. No. 185 at 11-12].

Plaintiff argues that since withdrawal of his counsel, nonresponsiveness and delay have reflected Birnbaum's lack of intent to defend. [Dkt. No. 185 at 4]. In particular, Plaintiff avers that Birnbaum has "wholly failed to respond to motions directed to his conduct in the litigation," pointing as an example to Plaintiff's Motion to Strike Portions of Affidavits Submitted in Support of Motions to Dismiss for Lack of Personal Jurisdiction, [*see* Dkt. No. 120]. [Dkt. No. 185 at 4]. However, the Court denied this motion as moot given that the motion to dismiss had been disposed of by the Court eight (8) days after the motion was filed. [Dkt. No. 134]. Because the Court disposed of the motion before the deadline to respond expired, Birnbaum's nonresponsiveness cannot be construed as a failure to defend. The Court acknowledges that Birnbaum has not responded to the current motion. However, because the Court does not find a history of nonresponsiveness to Plaintiff's motions by Birnbaum, the Court will simply construe the present motion as unopposed. *See* L.R. 7.4.

Plaintiff also argues that where Birnbaum has responded since withdrawal of his counsel, his responses "have consistently been tardy." [Dkt. No. 185 at 5]. As an example, Plaintiff first points to Defendant's delay in responding to the Court's February 1, 2007 Order mandating that Birnbaum either identify new counsel or inform the Court of his intent to proceed *pro se* within thirty (30) days. [*Id.* (citing to Dkt. No. 98)]. In response to this Order, Birnbaum's co-defendant Ronald Organ filed a Joint Response to Court Order on March 6, 2007, [Dkt. No. 111], which Plaintiff characterizes as a tardy response. However, in computing time periods, both the day of the event that begins the period and the last day of the period if a Saturday or Sunday is excluded, Fed. R. Civ. P. 6(a)(1) & (3), thereby making Birnbaum's response only one day late. Plaintiff also points to a delay in Birnbaum's answer to Plaintiff's complaint. However, while Plaintiff suggests that this was a fifteen-day delay, per the computation of Federal Rule of Civil Procedure

6, Birnbaum's response was only nine days late, [*see* Dkt. No. 141].[2] This Court is strict in requiring that parties comply with court deadlines. However, Plaintiff has not shown prejudice as a result of these two instances in which Birnbaum responded a few days late. Consequently, the Court does not believe that entry of default judgment is warranted on this basis alone.

Plaintiff next claims that Birnbaum has failed to defend by not keeping the Court informed of his address or accepting mail. [Dkt. No. 185 at 6]. Local Rule 83.4 states that *pro se* litigants are responsible for keeping the clerk advised in writing of their current address. Additionally, the rule indicates that "notices will be sent only to the address on file." L.R. 83.3. Plaintiff has attempted to forward to Birnbaum numerous orders and filings in this case, using the address provided in counsel's response to Court Order requesting former counsel to provide addresses of Defendants—61 Broadway, Suite 513, New York, NY 10006, [Dkt. No. 114]. Birnbaum provided the same address as part of a Joint Response to the Court's March 7, 2007 Order, filed by the *pro se* litigants. [*See* Dkt. No. 118]. However, Birnbaum signed several of his subsequent filings as a *pro se* defendant with the address 99 Battery Park, Apartment 24D, New York, NY, but failed to provide the Court with notice of a change of address. Consequently, both Plaintiff and the Court have continued to serve orders and pleadings upon Birnbaum at the address provided in the official notification by his former counsel. However, the mailings addressed to Birnbaum have been returned repeatedly, noting that recipient could not be found at that address. [*See* Dkt No. 185-3 at 4-5; *see also* 183, 193]. The Court finds that Birnbaum has violated this rule as well as ignored the Court's order requiring that a current address be provided.

While Birnbaum has failed to comply with Local Rule 83.4 by neglecting to notify the Court of his current address, the Court does not believe that Birnbaum's conduct suggest that he

---

[2] When the period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays must be excluded from computation. Fed. R. Civ. P. 6(a)(2).

has abandoned any serious defense of this suit altogether. Birnbaum has in fact responded to several of Plaintiff's motions and his two instances of tardiness do not seem to have prejudiced Plaintiff. As such, the Court does not believe that default judgment under Rule 55(a) is proper.

### B. Birnbaum's Failure to Cooperate in Discovery and Disobedience of Court's Orders

Plaintiff also seeks entry of a default judgment against Birnbaum pursuant to Federal Rule of Civil Procedure 37 based on his "willful violations of court rules and orders, contumacious conduct, and intentional delays," arguing that Birnbaum has "failed to comply with discovery-related orders, to appear for his deposition, to properly respond to discovery requests, or to otherwise cooperate in discovery matters." [Dkt. No. 185 at 1-2]. Rule 37(b)(2)(A) authorizes a district court to strike pleadings of and enter a default judgment against a party that "fails to obey an order to provide or permit discovery, including an order under Rule 26(f)." Fed. R. Civ. P. 37(b)(2)(A); s*ee Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 639-40 (1976); *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970) (quoting *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887-88 (5th Cir. 1968)).

Birnbaum has consistently failed to produce documents in response to Plaintiff's requests for production and in response to the subpoena duces tecum attached to his deposition notices. Birnbaum has similarly failed to comply with Court orders mandating production. On June 30, 2006, Plaintiff served its First Set of Requests for Production on Birnbaum on Jurisdiction Issues. [*See* Dkt. No. 185-5 at 25]. While Birnbaum's counsel served written objections and responses, Birnbaum failed to produce any responsive documents. [*See* Affidavit of Paige A. Amstutz, Dkt. No. 185-3 at 3]. On August 9, 2006, Plaintiff served a subpoena duces tecum, to which Birnbaum failed to object or response, and similarly failed to produce any of the requested documents. [*See*

*id.*]. On September 14, 2006, the Court entered its Scheduling Order in which it ordered the parties to complete initial disclosures by a certain date. [Dkt. No. 55]. While Federal Rule of Civil Procedure 26(a) required Birnbaum to identify in his initial disclosures any documents that he might use to support his defenses, Birnbaum has failed to identify or produce any documents. [*See* Affidavit of Paige A. Amstutz, Dkt. No. 185-3 at 4]. Birnbaum similarly failed to produce any materials in response to Plaintiff's Second Requests for Production on the Merits. [*See* Affidavit of Paige A. Amstutz, Dkt. No. 185-5 at 3].

Plaintiff also argues that Birnbaum has failed to participate in court-ordered mediation. [Dkt. No. 185 at 8]. Particularly, Plaintiff argues that Birnbaum failed to respond to the letter whereby Plaintiff's counsel attempted to confer with all parties regarding mediation, or to Plaintiff's request for the dates when Birnbaum would be available to convene. [*Id.* at 8-9]. In the end, despite being served with notice that mediation would take place on August 21, 2007, Birnbaum failed to participate, either by telephone or in person. [*Id.* at 9 (citing Affidavit of Paige A. Amstutz, Dkt. No. 185-3 at 4)]. Birnbaum has offered nothing to rebut these allegations.

Finally, Plaintiff argues that Birnbaum failed to submit to deposition on the merits despite being notified that such deposition would take place on March 7, 2008. [*Id.*]. Plaintiff attempted to accommodate Birnbaum by expressly offering to postpone the deposition if Birnbaum required more time to make the necessary arrangements. [*Id.*]. Nevertheless, Birnbaum failed to appear and produce any documents sought by the subpoena duces tecum.

There are four factors that the district court should consider before granting a default judgment: (1) whether the violation was willful or in bad faith rather than simply due to an inability to comply; (2) whether less drastic sanctions would effect the goals of Rule 37(b); (3) whether the violation prejudiced the opposing party's trial preparation; and (4) whether the party knew of or participated in the violation or simply misunderstood a court order or innocently hired

a derelict attorney. *Batson*, 765 F.2d at 514. *Batson* also held that the district court must consider expressly the effectiveness of less severe sanctions. *Id.* at 516.

Birnbaum has presented no evidence to establish his inability to respond to discovery requests nor has he made any attempt to rectify his lack of cooperation. While dismissal and default judgment are considered as "draconian" sanctions that a district court should impose only as a last resort, *Batson*, 765 F.2d at 515; *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980), their use might deter litigants from ignoring discovery orders in the future, *Nat'l Hockey League*, 427 U.S. at 643. The Court is convinced that the threat of lesser sanctions simply will not motivate Birnbaum to respect the Court's orders. Furthermore, because of the lengths that Plaintiff has gone to ensure Birnbaum's compliance, the Court believes that Birnbaum's actions have been prejudicial to Plaintiff's trial preparation. Finally, given the repetitive nature of Birnbaum's conduct, there is no reason for the Court to believe that his conduct was the result of a misunderstanding. The Court will await Birnbaum's compliance no further. As such, the Court finds that default judgment is appropriate under Rule 37.

### C. Damages

The Court finds that Plaintiff's damages can be accurately calculated from the factual allegations of Plaintiff's Second Amended Complaint, [Dkt. No. 147 ¶¶ 23, 24, 26, 28, 32, 35, 47, 65, 78, 79], as well as by the Affidavit of Larry Ewers attached to Plaintiff's Consolidated Response to Defendant's Motions to Dismiss Based on Lack of Personal Jurisdiction and Improper Venue, [Dkt. No. 93-15 ¶ 19].

The Court further finds that Birnbaum is liable to Plaintiff for actual damages in the amount of $2,496,000 and for exemplary damages in the additional amount of $1,248,000.

Furthermore, because Plaintiff has not demonstrated that Birnbaum has violated the provisions of § 27.01, Birnbaum is not liable for attorney's fees or expenses incurred, other than costs of court.

The Court further finds that Plaintiff is entitled to recover postjudgment interest at the rate of 2.09% per annum from the date of this Default Judgment until the date it is satisfied.

## II. ORDER

IT IS, THEREFORE, ORDERERD, ADJUDGED AND DECREED that Plaintiff's Motion for Default Judgment Against Defendant Irving Birnbaum is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff shall recover from Defendant Irving Birnbaum, the following:

1. $2,496,000 for actual damages caused by Defendant Irving Birnbaum's common law fraud in the inducement and negligent misrepresentation; and

2. $1,248,000 in exemplary damages.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear post-judgment interest at the rate of 2.09% per annum from the date of this Default Judgment until paid.

The Court further ORDERS that execution may issue for this Default Judgment rendered against Defendant Irving Birnbaum. Plaintiff is further allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

IT IS SO ORDERED.

DONE this 29th day of May, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**